# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Bobby Young,
     Petitioner,


     vs.                            Case No. 1:03cv902
                                     (Dlott, J.; Black, M.J.)


Tim Brunsman,
     Respondent.

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, as amended to include "supplemental assignments and authorities of error" (Docs. 1, 28); respondent's "Answer/Return Of Writ" and "Supplemental Answer/Return Of Writ" (Docs. 12, 33) with exhibits (Docs. 13, 35); and petitioner's additional pleadings in reply to respondent's submissions and in support of the petition as amended (Docs. 16, 18, 22, 31, 37).

## Procedural Background

On May 30, 2002, petitioner was indicted by the Adams County, Ohio, grand jury on one count of aggravated robbery as defined in Ohio Rev. Code § 2911.01(A)(1) with an attached firearm specification. (Doc. 13, Ex. A). On August 22, 2002, petitioner entered guilty pleas to robbery as defined in Ohio Rev. Code § 2911.02(A)(1) and to the firearm specification. (*Id.,* Ex. B). On September 9, 2002, he was sentenced to consecutive terms of imprisonment of five (5) years for the robbery offense and one (1) year for the firearm specification. (*Id.,* Ex. C).

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, Fourth Appellate District, claiming as the sole assignment of error that the "trial court erred as a matter of law and to the prejudice of appellant by failing to follow the statu[t]es regarding sentencing." (*Id.,* Ex. D). On June 24, 2003, the Ohio Court of Appeals issued a Decision and Judgment Entry overruling the assignment of error and affirming the trial court's judgment. (*Id.,* Ex. F). Proceeding *pro se,* petitioner sought leave to appeal to the Supreme Court of Ohio. (*Id.,* Ex. G). On October 8, 2003, the Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. H).

On July 11, 2003, petitioner filed a timely *pro se* application to reopen his appeal under Ohio R. App. P. 26(B) with the Ohio Court of Appeals, Fourth Appellate District. (*Id.,* Ex. I). In his application, petitioner alleged that his appellate counsel was ineffective because she failed to raise the following assignments of error on direct appeal:

> 1. The State of Ohio failed to introduce sufficient evidence to prove the elements of a deadly weapon; where the appellant was charged with having a deadly weapon on his person or under his control, the State must prove that the appellant used, brandished, displayed, or indicated that he had possession of it. R.C. 2911.02(A)(1).
>
> 2. Appellant . . . was denied his Sixth and Fourteenth Amendment[] right[s] to the United States Constitution[], and Article 1, Section 10 of . . . Ohio's Constitution[] when trial and appellate counsel being the same failed to raise issues of appellant['s] not having any prior prison term; did not raise argument for the gun spec; did not object to the illegal plea agreement. Violating his due process rights to a fair plea deal, where the State had new prosecuting attorney at the sentencing hearing, which the plea agreement was changed. [Sic]

(*Id.*).

On August 8, 2003, the Ohio Court of Appeals denied petitioner's application for reopening on the ground that petitioner had "failed to raise a colorable claim of ineffective assistance of appellate counsel in any regard." (*Id.,*

2

Ex. J). Petitioner timely appealed to the Supreme Court of Ohio, which summarily dismissed the appeal on November 5, 2003 "as not involving any substantial constitutional question." (*Id.,* Ex. L).[1]

In September 2003, while his appeals were pending before the Supreme Court of Ohio from the Ohio Court of Appeals' decisions on direct appeal and petitioner's application for reopening, petitioner filed a *pro se* motion to withdraw his guilty plea in the Adams County Common Pleas Court. (Doc. 35, Ex. S). In this motion, petitioner asserted the following claims of error:

1. The State of Ohio failed to introduce sufficient evidence to prove the elements of a deadly weapon: where the defendant was charged with having a deadly weapon on his person o[r] under his control, the State must prove that the defendant brandished, displayed, or indicated that he had possession of it. R.C. 2911.02(A)(1).

2. Defendant . . . was denied his Sixth and Fourteenth Amendment[] right[s] to the United States Constitution[], and Article 1, Section 10 of . . . Ohio's Constitution[] when trial and appellate counsel being the same failed to raise issues of defendant['s] not having any prior prison term[;] did not raise argument for the gun spec[;] did not object to the illegal plea agreement. Violating his due process right to a fair plea deal. Where the State had new prosecuting attorney at the sentencing hearing, which the plea agreement was changed. [Sic]

3. Counsel was ineffective because counsel failed to raise, and argue the defendant's whereabouts or actual innocence and, failed to argue the firearm specifica[t]ion, where [petitioner's] conviction presented no evidence to conclude that [petitioner] had an intent to commit a[]

---

[1] On July 15, 2003, while his application for reopening was pending before the Ohio Court of Appeals, petitioner apparently filed a motion for an appeal bond with the Adams County Common Pleas Court. (*See* Doc. 35, Ex. P, p. 2). The court denied the motion on August 13, 2003 as "not well taken." (*Id.* & Ex. N). Petitioner appealed this decision to the Ohio Court of Appeals. However, the Court of Appeals dismissed the appeal as "moot" on January 24, 2004, because by that time petitioner's appeal was no longer pending in the state courts. (*Id.,* Ex. P, pp. 2-3). Petitioner attempted a further appeal to the Supreme Court of Ohio, which issued an Entry on May 26, 2004 denying petitioner leave to appeal. (*Id.,* Ex. R).

robbery offense as well as exerted control over a person, when in fact
he wasn't there. . . .

4.  Petitioner is being detained unlawfully and restrained of his li[fe],
liberty in violation of both the Ohio and United States Constitutions ...
in an illegal conviction that was contrary to law by the sentencing
judge, in an unjustified conviction.

5.  The trial court [erred] as a matter of law and to the prejudice of
defendant by failing to follow the statutes regarding sentence,
violating the Fourteenth Amendment due process and violating the
Ohio Revised Code §2929.14, which requires court to impose[] a
minimum sent[en]ce for first time imprisonment, and to give its
reasons for sentencing the defendant to more than the minimum.

(*Id.*).

On November 10, 2003, the Common Pleas Court found that petitioner's
motion was "not well taken" based on its "review of the sentence of this Court and
the various explanations given to the defendant on the record at the time of his
change of plea on August 22, 2002." (*Id.,* Ex. T).  Petitioner timely appealed to the
Ohio Court of Appeals, Fourth Appellate District, raising the same five claims that
he had presented to the trial court.  (*Id.,* Ex. W).  On May 24, 2004, the Court of
Appeals affirmed the trial court's judgment, reasoning in part that the "issues
raised by appellant in his five assignments of error either were, or could have been,
raised in [his direct appeal] and [reopening application]," and, therefore, were
barred from review under the doctrine of *res judicata.*  (*Id.,* Ex. Y, pp. 4-5).
Petitioner timely appealed to the Supreme Court of Ohio, which issued an Order on
September 29, 2004 denying petitioner leave to appeal and dismissing the appeal
"as not involving any substantial constitutional question."  (*Id.,* Ex. AA).

Petitioner initiated the instant federal habeas corpus action in December
2003, during the pendency of his appeal from the denial of his state post-
conviction motion to withdraw his guilty plea.  In the original petition, petitioner
asserted the following claim as the sole ground for relief:

Sentencing judge erred as a matter of law[,] violated due process
rights[,] by failure to give reasons for sentencing petitioner to more

4

than the minimum and fail[ure] to follow statutes regarding sentencing.

(Doc. 1, p. 5).  Petitioner was later allowed to amend the petition to include the following additional grounds for relief:

**Grounds One and Six:**  . . .The State of Ohio failed to introduce sufficient evidence to prove the elements of a deadly weapon: where the petitioner was charged with having a deadly weapon on his person or under his control, the State must prove that the petitioner used, brandished, display[ed], or indicated that he had possession of it[.] R.C. 2911.02(A)(1) [and R.C. 2941.141(A)(1)].

**Grounds Two and Seven:**  . . .Petitioner . . . was denied his Sixth and Fourteenth Amendment[] right[s] under the United States Constitution[], and Article 1[,] Section 10 of . . . Ohio's Constitution[] when trial and [appellate] counsel being the same person failed to raise issues of petitioner['s] not having any prior prison term[;] did not raise argument for gun spec[;] did not object to illegal plea agreement. . . .

**Ground Three:**  . . .Counsel was ineffective because counsel failed to raise, and argue the petitioner's whereabouts or legal innocence and, failed to argue the firearm specification, where [petitioner's] conviction presented no evidence to conclude that [petitioner] had an intent to commit a[] robbery offense as well as exerted control over a person, when in fact he wasn't there. . . .

**Ground Four:**  . . .Petitioner is being detained unlawfully and restrained of his life, liberty in violation of both the Ohio and United States Constitutions . . . by the sentencing judge, in an unjustified conviction.

**Ground Five:**  . . .The trial court [erred] as a matter of law and to the prejudice of petitioner by failing to follow the statutes regarding sentencing, violating the Fourteenth Amendment due process and violating the Ohio Revised Code 2929.14, which requires court to impose[] a minimum sentence for first time imprisonment, and to give

5

its reasons for sentencing the petitioner to more than the minimum.

**Ground Eight:** The court denied petitioner's motion [for appeal bond] as being "not well taken" and gave no findings o[f] facts or conclusion[s] of law for their denial to afford the petitioner an appeal bond after he gave good cause, and bond was excessive given the facts that petitioner was indicted for robbery and gun spec. . . .

(*See* Doc. 28, pp. 4-5; Doc. 30, p. 3).

In the return of writ and supplemental return of writ, respondent does not argue, nor does the record reflect, that the petition, as amended, is barred from review on statute of limitations grounds. Moreover, it appears that petitioner has exhausted all available state court remedies with respect to his grounds for relief. Therefore, the Court will proceed to address petitioner's claims in light of other arguments asserted as defenses by respondent in his responsive pleadings.

## OPINION

### A. Petitioner Has Waived The Constitutional Claim Alleged In The Original Petition And Ground Five Of The Amended Petition Challenging His Sentence, And Any Claim Of Error Under State Law Is Not Cognizable

In the original petition and Ground Five of the amended petition (Docs. 1, 28), petitioner has alleged that he was denied due process when, in violation of state statutory law, the trial court sentenced him to more than the minimum sentence for the robbery offense, even though he was only a "first time offender," without giving any reasons for the sentence. (Doc. 1, p. 5 & attached Memorandum In Support of Petition; Doc. 28, p. 5). In the return of writ and supplemental return of writ, respondent contends that petitioner's claim is not cognizable to the extent he alleges error under state law, and that petitioner has waived any claim of a federal constitutional violation because he failed to raise the federal issue on direct appeal to the Ohio Court of Appeals. (Doc. 12, Brief, pp. 5-12; Doc. 33, Brief, p. 14). Respondent's argument has merit.

As an initial matter, as respondent has pointed out, the Court is precluded from reviewing petitioner's claim to the extent he contends he is entitled to relief

6

based on alleged violations of state statutory law governing sentencing. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, this federal court can only consider whether the alleged error violated petitioner's federal constitutional right to due process. However, as respondent has further contended, it appears petitioner has waived any such constitutional claim because he failed to present it as a federal issue on direct appeal.

In recognition of the equal obligation of state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If he fails to do so, he may have waived the claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented" without citation to chapter and verse of the Constitution only if the presentation of the claim was "likely to alert the court to

7

the claim's federal nature." *Nadworny v. Fair,* 872 F.2d 1093, 1097 (1st Cir. 1989) (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2nd Cir. 1982) (en banc)).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the court of the claim's federal nature. *Id.* Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681; *Franklin,* 811 F.2d at 326 (quoting *Daye,* 696 F.2d at 193-94). The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2nd Cir. 1984).

In this case, petitioner failed to fairly present to the Ohio Court of Appeals the federal due process claim stemming from the sentencing error alleged in the original petition and Ground Five of the amended petition. In his brief on appeal to the Ohio Court of Appeals, petitioner relied solely on provisions contained in Ohio's sentencing statute–Ohio Rev. Code §§2929.14 and 2929.19, as well as state cases construing the requirements set forth in those statutory provisions, in arguing that the trial court committed reversible error by failing to give adequate findings and reasons for sentencing him to more than the minimum sentence for the robbery offense. (*See* Doc. 13, Ex. D, pp. 7-11). Therefore, the only legal theories presented to the state appellate court were predicated entirely on state law.

A state appellate court deciding whether a trial court committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Petrucelli,* 735 F.2d at 690 (citing *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied,* 460 U.S. 1053 (1983)). Because the Ohio Court of Appeals was unaware

of any constitutional claim, it addressed and determined the issues as argued by petitioner solely in terms of state law, *i.e.*, that contrary to petitioner's contention, the trial court properly found on the record in accordance with Ohio law that the shortest prison term would "demean the seriousness of the defendant's conduct" and would "not adequately protect the public from future crime by the defendant or others," and "was not required to provide reasons before imposing more than the minimum prison sentence." (*See* Doc. 13, Ex. F).

By thus failing to fairly present the federal constitutional claim alleged in the original petition and Ground Five of the amended petition to the Ohio Court of Appeals, petitioner committed a procedural default. Even assuming that he raised the constitutional issue in his memorandum in support of jurisdiction on further appeal to the Supreme Court of Ohio, the claim remains defaulted, because the Supreme Court of Ohio lacks jurisdiction to consider constitutional claims that a defendant has failed to assert to the Court of Appeals. *See* Ohio Const. art IV, § 2(B)(2); *see also Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983); *State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966).[2]

---

[2] Petitioner later attempted to raise the constitutional issue in his fifth claim of error in support of his motion to withdraw his guilty plea. (*See* Doc. 35, Ex. S). However, the Ohio Court of Appeals, as the last state court to render a reasoned opinion addressing the issue raised in petitioner's post-conviction motion, "clearly and expressly" held that the claim was barred from review based on the adequate and independent state ground of *res judicata*. (*See id.,* Ex. Y, pp. 4-5). Although this state procedural ruling arguably constituted an alternative holding of the state appellate court, it serves to preclude review of the merits of petitioner's federal constitutional claim in this proceeding. *See, e.g., Sochor v. Florida,* 504 U.S. 527, 533-34 (1992); *Coleman,* 501 U.S. at 733; *see also Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Harris v. Reed,* 489 U.S. 255, 260-62 (1989).

9

Because petitioner thus failed to provide Ohio's highest state court with an opportunity to correct the alleged constitutional error, he has waived such claim for purposes of federal habeas corpus review in the absence of any showing by him of "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

In this case, petitioner has not demonstrated a "fundamental miscarriage of justice" will occur if his due process claim stemming from the alleged error in sentencing is not considered by this Court. Although petitioner has asserted he is "actually innocent" of the robbery offense and firearm specification to which he pleaded guilty, as discussed *infra* pp. 11-13, he has not shown that his guilty plea, wherein he admitted committing the pleaded-to offenses and expressed his agreement with the prosecutor's "statement of facts" establishing his guilt, is invalid.

Petitioner has alleged that his counsel, who represented him both at trial and on direct appeal, was ineffective in failing to raise or argue certain issues, including the issue "of defendant's not having a prior prison term" for sentencing purposes. However, petitioner has not contended that his counsel was ineffective in failing to present the claim of sentencing error as a federal constitutional issue on direct appeal. Because petitioner thus has not provided a justification as "cause" for the specific procedural default involved here, the Court concludes that petitioner has waived the constitutional claim alleged in the original petition and Ground Five of the amended petition.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the claim of sentencing error asserted in the original petition and Ground Five of the amended petition, because: (1) to the extent petitioner alleges errors under state law occurred that were determined against him by the state courts, his claim is not cognizable in this federal habeas proceeding; and (2) due to his procedural default in the state courts, petitioner has waived any claim that the challenged sentence amounts to a federal due process violation.

**B.  By Entering A Constitutionally Valid Guilty Plea, Petitioner Has Waived The Claims In Grounds One, Three, Four And Six Of The Amended Petition**

In Grounds One and Six of the amended petition, petitioner alleges the evidence is insufficient to establish his guilt because the State failed to show that he used, brandished, displayed, or indicated that he possessed a "deadly weapon," or firearm.  (Doc. 28, pp. 4-5).

In Ground Four of the amended petition, petitioner generally asserts that his conviction is "unjustified."  (*Id.,* p. 4).  The Court assumes petitioner is arguing in this ground for relief, as he did in his briefs to the state courts, that he is innocent of the robbery offense and firearm specification on which he was convicted and sentenced and that his trial counsel was ineffective in failing to investigate these charges.  (*See* Doc. 35, Ex. S, pp. 9-11; Ex. W, pp. 9-10).

In Ground Three of the amended petition, petitioner further contends that his trial counsel was ineffective in failing to assert certain defenses based on petitioner's "whereabouts" at the time of the charged offenses, petitioner's "legal innocence," and the firearm specification.  (Doc. 28, p. 4).

By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings.  *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986).  Rather, he may only seek to attack the validity of his guilty plea by showing that under the circumstances, his guilty plea was not intelligently and voluntarily entered.  *Id.*; *see also Campbell,* 769 F.2d at 315.

Petitioner's sufficiency of evidence claims alleged in Grounds One and Six of the amended petition, and petitioner's allegations of actual innocence and ineffective assistance by his trial counsel during pretrial investigation and defense preparation, which are contained in Grounds Three and Four of the amended petition, all relate to purported deprivations of constitutional rights occurring before petitioner entered his guilty plea.  Therefore, as long as petitioner entered

11

his guilty plea knowingly, voluntarily and intelligently, with sufficient awareness of the relevant circumstances and likely consequences, *see, e.g., Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994), he is unable to challenge his conviction based on the claims alleged in Grounds One, Three, Four and Six of the amended petition.

Petitioner has not claimed that he entered his guilty plea unknowingly, involuntarily or unintelligently, except to the extent that he has alleged in Grounds Two and Seven of the amended petition that his attorney, who served as both his trial and appellate counsel, should have objected to the "illegal plea agreement." As discussed *infra* pp. 17-18, this Court has rejected this argument as lacking in merit.  In any event, the record does not support any claim that petitioner's plea was anything other than a "voluntary and intelligent choice among the alternative courses of action open to" him.   *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)); (*see* Doc. 13, Ex. B; Ex. M, "Change of Plea" Tr.).

During the plea-taking hearing, petitioner stated, in response to the trial judge's questions, that petitioner was not "under the influence of any alcohol or drugs that would make it impossible for [him] to understand what's happening;" that no one had "threatened" him or "force[d him] to plead;" and that no "promises" had been made to him "other than what [he] heard here today."  (*Id.,* Ex. M, "Change Of Plea" Tr. 3).

Petitioner also stated that he understood the robbery charge, which "could carry with it a term of eight years in the penitentiary," as well as the firearm specification, which carried "an automatic, or mandatory one year sentence."  (*Id.,* Tr. 4).  He further acknowledged that he understood that "no matter what the [parties'] agreement is, the final decision in this will rest with the Judge."  (*Id.*).

Petitioner expressed his understanding that by pleading guilty, he would be giving up his right to a jury trial, where the prosecutor would have to prove his guilt beyond a reasonable doubt "as to each and every element of the crime," as well as his rights to cross-examine the witnesses against him and to subpoena witnesses on his behalf.  (*Id.,* Tr. 4-5).  He further stated that he voluntarily agreed

to give up those rights.  (*Id.,* Tr. 6).[3]

Most importantly, when he was personally questioned by the trial court, petitioner expressed his agreement with the following "statement of facts" provided by the prosecuting attorney in support of a finding of guilt on the pleaded-to charges:

> . . . [I]f this matter were to proceed to trial the State would prove beyond a reasonable doubt that on or about April 30th, 2002, at 17570 U.S. 52, Manchester, Adams County, Ohio, the defendant did, in attempting or committing a theft offense or in fleeing immediately thereafter the attempt or offense, have a deadly weapon [on] or about his person or under his control.   He and another individual by the name of Jeremy Baldwin, and John Hamilton, went to the residence of 17570 U.S. 52.  Mr. Hamilton had a firearm, which the defendant was aware of upon his person during the attempted . . . theft offense during the robbery. . . .

(*Id.,* Ex. M, "Change of Plea" Tr. 6-7).  This uncontested "statement of facts" establishes that, contrary to petitioner's contention, petitioner was present and participated with co-defendants Baldwin and Hamilton in the commission of the charged robbery offense and had a "deadly weapon" in his possession or under his

---

[3]  The written plea entry executed by petitioner also expressly provided that petitioner was subject to a maximum penalty of eight years in prison for the robbery offense, and a one-year term of imprisonment on the firearm specification; that the prison terms on the multiple charges could be "imposed consecutively by the Court;" that petitioner understood "the nature of these charges and the possible defenses I might have;" that he was satisfied with his counsel's "advice and competence;" that he was "not under the influence of drugs or alcohol;" that no "threats" or "promises" had been made to him; that he understood by pleading guilty, he was giving up his right to a jury trial, where he could confront the witnesses against him and could call witnesses on his behalf; that he understood by pleading guilty, he was waiving his right "to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge;" that by pleading guilty, he was admitting he committed the offense; and that he entered "this plea voluntarily."  (Doc. 13, Ex. B).

control at that time.[4]

Accordingly, the undersigned concludes that by entering a valid guilty plea, petitioner has waived the claims challenging the sufficiency of evidence, which are alleged in Grounds One and Six of the amended petition; the claim of an "unjustified" conviction, which is alleged in Ground Four of the amended petition; and the ineffective assistance of counsel claims alleged in Ground Three of the amended petition.

### C.  Petitioner Is Not Entitled To Relief Based On The Ineffective Assistance Of Counsel Claims Alleged In Grounds Two And Seven Of The Amended Petition

In Grounds Two and Seven of the amended petition, petitioner alleges his attorney, who served as both his trial and appellate counsel, provided ineffective assistance in violation of the Sixth Amendment because she failed to argue at trial or on appeal that (1) petitioner had not served a prior prison term for purposes of determining the proper sentence; (2) the plea agreement was "illegal;" and (3) petitioner's conviction on the firearm specification was improper.  (Doc. 28, pp. 4-5).  Although respondent contends petitioner has waived these claims due to his procedural default in the state courts, the Court will assume, without deciding, that the claims are not waived and will proceed to address their merits.

_____

[4] Even assuming, *arguendo*, that this "statement of facts" does not clearly establish, as the Ohio Court of Appeals found, that petitioner and a co-defendant each possessed a firearm, it provided a sufficient evidentiary basis to support petitioner's conviction on the robbery charge and firearm specification.  *See, e.g., State v. Chapman*, 487 N.E.2d 566 (Ohio 1986); *State v. Moore,* 476 N.E.2d 355 (Ohio 1985); *see also State v. Jackson,* 630 N.E.2d 414, 416 (Ohio Ct. App. 1993) (stating that "[i]n both *Chapman* and *Moore,* the Ohio Supreme Court held that, where the principal used a firearm in the commission of an aggravated robbery, the unarmed accomplice is subject to prosecution 'for the principal offense,' and therefore may be charged and convicted of aggravated robbery and the firearm specification regardless of whether he was actually armed").  *Cf. State v. Brown,* No. 2005CA00006, 2005 WL 1785109 (Ohio Ct. App. July 25, 2005) (unpublished) (defendant who was accomplice, but did not use gun in commission of underlying robbery and burglary felony offenses, can be indicted for firearm specification along with co-defendant who actually possessed and brandished the gun); *State v. Golphin,* No. 57870, 1991 WL 6469, at *9-10 (Ohio Ct. App. Jan. 24, 1991) (defendant's aggravated robbery conviction was not against the manifest weight of the evidence given victim's testimony that he was robbed by petitioner and a co-defendant while he was held at gunpoint by the co-defendant), *appeal dismissed,* 574 N.E.2d 1076 (Ohio 1991).

Petitioner raised these ineffective assistance claims for the first time in his application to reopen his appeal.  In denying the application, the Ohio Court of Appeals was the only state court to render a reasoned opinion addressing their merits.  Citing *Strickland v. Washington,* 466 U.S. 668 (1984), the court stated that "[i]n order to establish a colorable claim of ineffective assistance of . . . counsel, the appellant must raise a genuine issue concerning: 1) the adequacy of counsel's performance, and 2) prejudice as a result of the inadequacy."  (Doc. 13, Ex. J, p. 2).

The court went on to find under this standard that petitioner's initial contention stemming from his counsel's "failure to raise the issue that he had not previously served a prison term" failed "to raise a colorable claim of ineffective assistance."  The court reasoned that petitioner's counsel in fact had implicitly raised the issue on direct appeal, based on "the premise that because [petitioner] had not previously served a prison sentence, the minimum sentence was appropriate," as opposed to the five-year sentence that was imposed.  (*Id.,* p. 3).

The court next rejected petitioner's claim that his counsel "was deficient for failing to raise the argument that the state failed to prove the firearm specification."  (*Id.*).  The court reasoned, as it had in rejecting another claim of error, that counsel's omission "could not possibly have been professional misconduct" given that petitioner expressly acknowledged at the plea-taking hearing that "he and two co-defendants attempted to rob a homeowner while [he] and another defendant had firearms."  (*Id.*).

Finally, the court found that petitioner had not raised a "colorable claim of ineffective assistance" based on counsel's failure to "object to the illegal plea agreement."  The court reasoned that this claim was based on the argument that the plea agreement somehow changed when a new prosecutor appeared at the sentencing hearing, but that petitioner had failed to establish the "factual accuracy

of this allegation" from the record. (*Id.,* pp. 3-4).[5]

Under the applicable standard of review set forth in 28 U.S.C. § 2254(d), petitioner is not entitled to relief in this federal habeas corpus proceeding unless the state court's adjudication of his constitutional claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).

A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000);

---

[5] Subsequently, upon review of the same claim raised by petitioner on appeal from the denial of his motion to withdraw his guilty plea, the Court of Appeals pointed out in rejecting the claim that petitioner had failed to "elaborate . . . on the content of the original agreement or how the prosecution allegedly violated that agreement," and that "[w]ithout such information, and supporting proof," the claim could not be evaluated. (Doc. 35, Ex. Y, p. 5).

*Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

In this case, the Ohio Court of Appeals correctly identified and applied the proper standard of review, that was clearly established by the Supreme Court in *Strickland,* in evaluating petitioner's ineffective assistance of counsel claims. As the state court recognized, in order to establish a Sixth Amendment violation under *Strickland,* the petitioner must demonstrate: (1) his attorney made such serious errors she was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) such deficient performance prejudiced the defense by undermining the reliability of the trial result. *See Strickland,* 466 U.S. at 687.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the second "prejudice" prong of the *Strickland* test, petitioner must show in this case that a "reasonable probability" exists that, but for his counsel's errors, he would not have entered a guilty plea and would have elected to proceed to trial or that the result of the sentencing proceeding would have been different. *See id.* at 694. This burden is satisfied only if he shows that the outcome would "reasonably likely have been different absent the errors." *See id.* at 695.

The Court need not examine the question of whether counsel's performance

17

was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *See id*. at 697.

Here, the Ohio Court of Appeals' determination that petitioner had not met his burden of establishing a "colorable claim of ineffective assistance" neither is contrary to nor involves an unreasonable application of the *Strickland* standard.

First, it was reasonable for the state appellate court to reject petitioner's initial contention that his counsel had failed to argue that petitioner had not served a prior prison term for purposes of determining the appropriate sentence. Indeed, as the state court found, the argument in fact was raised by petitioner's counsel on direct appeal. (*See* Doc. 13, Ex. D). The Ohio Court of Appeals, however, rejected the argument when it overruled petitioner's assignment of error on direct appeal. (*See id.,* Ex. F).[6]

Second, it was reasonable for the Ohio Court of Appeals to reject petitioner's contention that his counsel was deficient in failing to object to his conviction on the firearm specification. As discussed *supra* p. 13 & n.4, petitioner agreed to the prosecutor's "statement of facts" provided at the plea-taking hearing, which affirmatively established his guilt on this charge.

Finally, it was reasonable for the Ohio Court of Appeals to conclude that petitioner had failed to establish a colorable ineffective assistance claim based on his counsel's failure to argue that the plea agreement was invalid. As the court found, both in denying petitioner's application for reopening and in affirming the denial of his motion to withdraw his guilty plea, petitioner has not shown that the presence of a new prosecuting attorney at his sentencing hearing had any effect on, much less changed, the terms of the plea agreement previously reached between the parties. Moreover, to the extent petitioner contends his counsel on appeal

---

[6] Specifically, the court determined that although "courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term" under Ohio Rev. Code § 2929.14(B), a longer term may be imposed "even when the offender has not previously served a prison term" under Ohio Rev. Code § 292914(B)(2) if, as here, the trial court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime." (Doc. 13, Ex. F, ¶¶6-8).

should have asserted as an assignment of error that his guilty plea was unknowing or involuntary, as discussed *supra* pp. 12-13, such a claim is belied by the record.

Accordingly, the undersigned concludes that petitioner is not entitled to habeas corpus relief based on the ineffective assistance of counsel claims alleged in Grounds Two and Seven of the amended petition.

### D.  Ground Eight Of The Amended Petition Challenging The Trial Court's Ruling On Petitioner's Motion For Appeal Bond Is Not Cognizable

In Ground Eight of the amended petition, petitioner claims that his constitutional rights were violated when the trial court denied his motion for appeal bond, which was "excessive," while his appeal was pending in the Ohio courts.  As respondent argues in the supplemental return of writ (Doc. 33, Brief, p. 32), petitioner's claim is not cognizable in this federal habeas proceeding.

The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration.  *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986).  The appeal bond issue is such a "collateral matter," because it does not affect or relate to petitioner's underlying conviction and sentence.

In any event, this Court on federal habeas corpus review has jurisdiction only to address challenges to a petitioner's state conviction on the ground that petitioner's confinement violates the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  Petitioner's claim challenging the state court's ruling on his motion for an appeal bond fails to trigger federal constitutional concerns that may be remedied in this proceeding.

The claim, therefore, does not constitute a cognizable ground for federal habeas corpus relief.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), as amended (Doc. 28), be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the original petition and Grounds One, Three, Four, Five and Six of the amended petition, which this Court has concluded are barred from review on waiver grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings.[7]   A certificate of appealability also should not issue with respect to the claims alleged in Grounds Two, Seven and Eight of the amended petition, which have been addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claims.   *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   5/4/06                              s/Timothy S. Black

           cbc                              Timothy S. Black
                                            United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\03-902denypet.waiv-fedIQ-gp.iac.postconv-error.wpd

---

   [7]  Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in these grounds for relief.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Bobby Young,
        Petitioner


        vs                              Case No. 1:03cv902
                                        (Dlott, J.; Black, M.J.)


Tim Brunsman,
        Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

21